UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IRINA COLLIER,

    Plaintiff,

v.                                                          Case No. 1:24cv85-RH-HTC

FL BOARD OF EDUCATION, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Irina Collier,[1] proceeding *pro se*, has initiated this action by filing a civil complaint purporting to assert *qui tam* claims pursuant to the False Claims Act, 31 U.S.C. §§ 3729–3733 ("FCA"). Doc. 1. Plaintiff also seeks to be allowed to proceed *in forma pauperis*. Doc. 2. Upon review, the undersigned finds the complaint should be dismissed without prejudice for lack of subject matter jurisdiction and all pending motions terminated.

---

[1] Collier is no stranger to this Court. She has filed numerous frivolous actions as a *pro se* litigant. *See, e.g.*, *Collier v. Trump, et al.*, No. 1:23cv167-RH-HTC, at Doc. 4 (July 14, 2023), *report and recommendation adopted*, Doc. 5 (Aug. 18, 2023) (dismissing complaint containing "vague, conclusory, and conspiratorial allegations" against nine defendants, including former President Donald Trump, the governors of California and Florida, and the Church of Scientology, because it "fail[ed] to establish the existence of a non-frivolous federal claim or complete diversity between the parties"); *see also Collier v. Collier*, 2023 WL 1767012, at *3 (S.D. Cal. Feb. 3, 2023), *appeal dismissed*, 2023 WL 3375581 (9th Cir. Apr. 10, 2023) (dismissing *sua sponte* plaintiff's complaint as frivolous and duplicative to "nearly identical claims [filed] before the Northern District of California, the Ninth Circuit, the Federal Circuit, and the United States Supreme Court"); *Collier v. Trump*, 2023 WL 6301678, at *2 (S.D. Cal. Aug. 11, 2023), *appeal dismissed*, 2024 WL 705878 (Fed. Cir. Feb. 21, 2024) (noting that "Plaintiff's frivolous filings have placed a great burden on this Court, and courts across the country").

I.     **Legal Standard**

Under 28 U.S.C. § 1915, which governs suits filed by plaintiffs seeking *in forma pauperis* status, the Court must dismiss an action that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from the relief sought.  28 U.S.C. § 1915(e)(2)(B).  Additionally, Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Federal courts must have one of three types of subject-matter jurisdiction: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted).

II.    **Discussion**

Plaintiff's complaint names two Defendants: (1) Plaintiff's former spouse, Charles Wade Collier, and (2) the Florida Board of Education.[2]  Doc. 1.  The

---

[2] Simultaneously with the filing of the present complaint, Plaintiff also filed documentation indicating she wants to substitute the Florida Board of Education with Donald Trump as a defendant, because she found out this case was assigned to the same Judge as her prior case.  Doc. 5 at 1.  This change is immaterial to the disposition of the present Report and Recommendation.

Case No. 1:24cv85-RH-HTC

allegations in the complaint are rambling, disjointed, and outright delusional. For example, Plaintiff describes the events underlying this case as a "Maga cover up infused, husband facilitated hate crime" and proceeds to accuse Defendant Mr. Collier of a litany of wrongdoings, ranging from stealing her suitcase to child abuse. *Id.* at 9–13. She further questions "why is the state attorney sitting on his hands" and urges the Court to "[f]ollow the bitcoins around the globe, aiming from the bottom of the ocean to mars on a journey until the water crashes the luxury submarine." *Id.* at 11. Notwithstanding the absurdity of her allegations, Plaintiff indicates she seeks to pursue a *qui tam* action under the FCA. *See id.* at 4; *see also* Doc. 5 at 1, 3, 11, 28–29.

The FCA "permits a private individual, called a *qui tam* 'relator,' to file a civil action against, and recover damages *on behalf of the United States* from, any person who: (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (citations omitted) (emphasis added). The purpose of the FCA is "to encourage private individuals who are aware of fraud being perpetrated against the government to bring such

information forward." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1237 n.1 (11th Cir. 1999).

Although the FCA is silent on whether a private individual can bring a *qui tam* suit *pro se*, the Eleventh Circuit has held such an individual cannot do so. *See Timson*, 518 F.3d at 873–74. Addressing the issue for the first time, the Circuit Court concluded that, because the *pro se* statute, 28 U.S.C. § 1654, does not extend the personal right to represent oneself to the representation of others, a *qui tam* plaintiff cannot proceed *pro se*, because, in a *qui tam* action under the FCA, the real party in interest is the United States. *See id.* at 873. The Circuit Court, thus, affirmed the district court's dismissal of the plaintiff's case in *Timson*.

The following year, a panel of the Eleventh Circuit once again affirmed, in a *per curiam* opinion, a dismissal of a *pro se qui tam* plaintiff's action. *See Deutsche Bank Nat. Tr. Co. v. Holyfield*, 309 F. App'x 331, 333 (11th Cir. 2009). In doing so, the Circuit Court further held that the dismissal should not be for failure to state a claim but for lack of subject matter jurisdiction.[3] *Id.* at 333 ("Although the court

---

[3] Even after *Holyfield*, some courts have dismissed a *pro se qui tam* action for failure to state a claim or simply because it was brought by a *pro se* plaintiff, without specifying whether the dismissal is for failure to state a claim or for lack of subject matter jurisdiction. Which basis the Court relies upon here is of no consequence as both are without prejudice and the appellate court reviews both *de novo*. *See, e.g.*, *Timson,* 518 F.3d at 872; *Smith v. Nat'l Domestic Violence Hotline*, 3:21cv689TKW/HTC, 2021 WL 2722808, at * 3 (N.D. Fla. June 7, 2021) (dismissing for failure to state a claim); *United States ex rel. Davis v. Hennepin Cty.*, No. 5:17-CV-81-RH-GRJ, 2017 WL 4475938, at *2 (N.D. Fla. May 23, 2017) (dismissing because relators are not permitted to bring *qui tam* FCA case *pro se*); *Williams v. La'Shay Sanders*, 2021 WL 527764 at * 1 (N.D.

Case No. 1:24cv85-RH-HTC

predicated its decision on the Holyfields' failure to correctly invoke jurisdiction under the FCA, we conclude that the district court lacked subject matter jurisdiction because the Holyfields filed the suit *pro se.* Logic then dictates that because it did not have subject matter jurisdiction over the claim, the district court did not abuse its discretion in denying the Holyfield's motion to reconsider the dismissal order.").

Therefore, because Collier cannot maintain a *qui tam* suit under the FCA as a *pro se* relator, this action should be dismissed without prejudice.[4] *See id.*; *see also Ford v. Helms Career Inst.,* 825 F. App'x 719, 721 (11th Cir. 2020) (affirming dismissal of *pro se* relator action); *Taylor v. Multiplan Network*, 817 F. App'x 947 (11th Cir. 2020) (per curiam) (holding that dismissal of a *pro se qui tam* action is one for lack of subject matter jurisdiction and is without prejudice).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. That all pending motions be terminated.

3. That the clerk close the file.

---

Ala. Feb. 12, 2021) (dismissing for failure to state a claim); *Hynd v. GEO Group, Inc.*, 2019 WL 5105508, at *2 (S.D. Ga. Sept. 9, 2019) (same).

[4] While the Court could stay the case pending retention of counsel, the undersigned recommends a dismissal rather than a stay because it is clear the allegations are nonsensical and do not state a claim, even if the Court had subject matter jurisdiction. *See Hennepin Cnty.,* 2017 WL 4475938, at *2.

Case No. 1:24cv85-RH-HTC

At Pensacola, Florida, this 18th day of June, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.